**SIGNED.**

Dated: October 09, 2009



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| DSBC INVESTMENTS, L.L.C., | No. 4:09-bk-03146-JMM |
| Debtor. | **MEMORANDUM DECISION (Re: Motion For Reconsideration (DN 86))** |

The matter before the court today is Pivotal Capital Corporation's "Motion to Reconsider" a portion of the court's decision of September 11, 2009 (DN 78 and DN 79). The portion that Pivotal seeks reconsideration of is only that portion related to Pivotal's claim for reimbursement of its attorneys' fees (pp. 7-19 of the Memorandum Decision).

## PROCEDURE

### 1. Rules 59 and 60

In the Federal Rules of Civil Procedure, there is no motion properly entitled a "reconsideration" for the type of post-trial/hearing matter as this. When a post-trial/hearing motion, bearing that caption, is filed, the courts will treat it either as a FED. R. CIV. P. 59 or 60 motion (made applicable to bankruptcy cases by FED. R. BANKR. P. 9023 and 9024).

## **2. Rule 59**

Here, Pivotal's motion was timely, as a Rule 59 motion (FED. R. BANKR. P. 9023), because it was filed within ten days after entry on the docket. Courts will routinely treat "motions for reconsideration," filed within ten days after entry on the docket, as Rule 59 (9023) motions to alter or amend, or for a new trial. Here, the court treats this motion as one to alter its decision only, as to the reimburseable attorneys' fees and costs issues only.

Pivotal partially supports its motion with now <u>un</u>redacted copies of its time sheets. This effort comes too late, as the court was not provided any such help while it was laboring over the redacted time sheets that Pivotal supplied with its prior papers. In effect, there is nothing to reconsider, since there is no showing that the court misconstrued the given facts, nor applied the wrong legal standards. In essence, Pivotal now seeks to present <u>new</u> evidence, which it elected not to present the first time. The same holds true with regard to the voluminous appraisal attached to Pivotal's reply brief. The time to have presented such new evidence has passed.

Only when Pivotal realized that it lost, partly on the basis of undisclosed time entries, has Pivotal chosen to supply them. A court cannot rule on issues in a case on a piecemeal basis. No grounds have been presented to "reconsider." Instead, <u>new</u> evidence has been offered. The court did not ask for such new evidence but ruled, after the matters were initially submitted, upon what Pivotal then chose to supply it.

The court notes that Pivotal had it solely within its power to submit clear, unredacted time sheets in the first instance, but instead chose not to do so. The Debtor had no input or power regarding that choice.

The court has already ruled on the issues as submitted, and finding no Rule 59 basis to once again consider (or reconsider) what it originally read, thought about and decided, finds that it is not appropriate to ask the court to reconsider entirely new material in the guise of a Rule 59 motion.

Furthermore, the court finds that the reasonableness arguments, based on the other facets of the case, were previously made and considered. All Pivotal now seeks to do is re-argue

the same points. As noted by the court, in its Memorandum Decision, it is immaterial that Pivotal engaged its attorneys to proceed on an "all out" basis. What the court was required to consider, under the § 506 standards, was solely the question of how much of that effort should be <u>reasonably</u> charged to the Debtor. The court, under all of the circumstances, and after thoroughly reviewing the entire administrative case and applicable case law, and applying its four decades of experience as to what constitutes a reasonable attorney's fee, is comfortable that its decision is both fair and consistent with applicable case law, both in the Ninth Circuit and across the nation.

Grounds for setting aside the order, under Rule 59, therefore, do not exist.

## **CONCLUSION**

Here, the court has carefully considered the Pivotal motion, but finds it unpersuasive.

Accordingly, a separate order will be entered which denies Pivotal's Motion for Reconsideration.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Sally M Darcy  
McEvoy, Daniels & Darcy  
4560 East Camp Lowell Drive  
Tucson, AZ 85712  
Attorneys for Debtor                    Email: DarcySM@aol.com

Rob Charles and Erin O. Simpson  
Lewis and Roca  
One South Church Ave., Suite 700  
Tucson, AZ 85701                        Email: RCharles@LRLaw.com  
Attorneys for Pivotal Capital Corporation    Email: ESimpson@LRLaw.com

Christopher J Pattock  
Office of the U.S. Trustee  
230 N. First Ave., #204  
Phoenix, AZ 85003-1706                  Email: Christopher.J.Pattock@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DSBC INVESTMENTS, L.L.C.,<br><br><br>Debtor. | Chapter 11<br><br>No. 4:09-bk-03146-JMM<br><br>**ORDER (Re: Motion**<br><br>**For Reconsideration (DN 86))** |

Consistent with the court's Memorandum Decision regarding Pivotal Capital Corporation "Motion to Reconsider" a portion of its decision of September 11, 2009 (DN 78 and DN 79),

IT IS HEREBY ORDERED DENYING the Motion to Reconsider.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Sally M Darcy
McEvoy, Daniels & Darcy
4560 East Camp Lowell Drive
Tucson, AZ 85712
Attorneys for Debtor                                        Email: DarcySM@aol.com

Rob Charles and Erin O. Simpson
Lewis and Roca
One South Church Ave., Suite 700
Tucson, AZ 85701                                            Email: RCharles@LRLaw.com
Attorneys for Pivotal Capital Corporation                   Email: ESimpson@LRLaw.com

Christopher J Pattock
Office of the U.S. Trustee
230 N. First Ave., #204
Phoenix, AZ 85003-1706                                      Email: Christopher.J.Pattock@usdoj.gov